IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Briana Brady,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-24-01528-PHX-SMB<br><br>**ORDER** |

  United States Magistrate Judge James Metcalf has issued a report and recommendation ("R&R") recommending that the decision of the Commissioner of the Social Security Administration be affirmed (Doc. 41). The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (R&R at 32 (citing Fed. R. Civ. P. 72).) Plaintiff filed an objection (Doc. 41), and no response was filed. Plaintiff objects to the Magistrate Judge's finding that although the Administrative Law Judge ("ALJ") erred in the decision-making process, the error was harmless.

  The R&R concluded that the ALJ erred in relying on the vagueness of Dr. Serino's opinion but found the error harmless because the ALJ gave other specific and legitimate reasons to reject his opinions. (R&R at 12.) Plaintiff argues that the ALJ erred in interpreting the terminology reflected in the opinion, the support for that opinion, and the consistency between the opinion and disability. (Doc. 42 at 10)

  Dr. Serino was one of the child's treating physician. (*See* R&R at 7.) An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on

clear and convincing reasons." *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation altered). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* An ALJ meets this standard by "setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). In this case, as outlined in the R&R and not challenged by Plaintiff, there were many contradicting medical opinions. Therefore Dr. Serino's opinion may be rejected for specific and legitimate reasons, supported by substantial evidence.

While the ALJ used the term vague to describe Dr. Serino's opinions, the ALJ also concluded that Dr. Serino's opinion was not supported by the doctor's own treatment notes and was inconsistent with the whole record. The ALJ cited to specific places in treatment notes and explained how they were inconsistent. (*See* Doc. 18-3 at 45.) Plaintiff claims that the ALJ improperly focused on isolated normal findings and disregarded abnormal findings. (Doc. 42 at 5–6.) But reading the ALJ opinion as a whole refutes that claim. Earlier in the decision, the ALJ discussed both the bad and good assessments as it related to the four functional criteria. (Doc. 18-3 at 23–25.) The ALJ did the same for assessing the six domains used to evaluate whether a child's impairments "functionally equals" the listings in SSR 09-2P, 2009 WL 396302 (2009). (*See* R&R at 7–8.) The ALJ also cited to and discussed documents establishing that the Claimant had "no more than moderate limitations" and thus went on to find that Dr. Serino's contradictory opinions were not consistent with that evidence. (Doc. 18-3 at 45.) The Court finds the ALJ gave specific and legitimate reasons for rejecting Dr. Serino's opinions despite error in finding the opinions vague.

The Court "will not reverse the decision of the ALJ for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Plaintiff contends, albeit in a conclusory fashion, that the error was not harmless because

the error is consequential to the non-disability determination. (Doc. 42 at 10.) Plaintiff has therefore provided very little for the Court to consider regarding the nature of the error. Even so, the Court finds any error in rejecting Dr. Serino's opinion as vague is harmless because of the other specific and legitimate reasons set forth in the ALJ's opinion.

The Court has considered the objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made). The Court agrees with the Magistrate Judge's determinations, accepts the recommended decision within the meaning of Federal Rule of Civil Procedure 72(b), and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS THEREFORE ORDERED** that Report and Recommendation of the Magistrate Judge (Doc. 41) is accepted.

**IT IS FURTHER ORDERED** Affirming the final decision of the Commissioner of the Social Security Administration.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this case.

Dated this 8th day of August, 2025.

Honorable Susan M. Brnovich
United States District Judge